EXHIBIT "A"

Case 1:22-cv-01313-PAE   Document 1-1   Filed 02/16/22   Page 2 of 24

SUPREME COURT OF THE STATE OF NEW YORK          Index #
COUNTY OF NEW YORK
--------------------------------------------------------------------X   Plaintiff designates
JEFFREY ACEVEDO-GOMEZ,                                               NEW YORK County as the place of trial

                                        Plaintiff,                  Basis of the venue is Plaintiff's
                                                                    place of Residence
                        -against-

                                                                    **SUMMONS**
J.B. HUNT TRANSPORT, INC., and "JOHN DOE NO. 1",
(a name being fictitious-person more accurately described in        Plaintiff resides at
the Complaint herein),                                              9 West 31st Street
                                                                    New York, NY 10001
                                        Defendants,
--------------------------------------------------------------------X   County of New York

          **TO THE ABOVE NAMED DEFENDANTS:**

          **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of
the day of service (or within 30 days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in the case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded herein.

**Defendant's address**                              **PAZER, EPSTEIN, JAFFE & FEIN, P.C.**
J.B. HUNT TRANSPORT, INC.                            Attorneys for Plaintiff
615 J.B. Hunt Corporate Drive                        20 Vesey Street, 7th Floor
Lowell, AR 72745-0130                                New York, New York 10007
c/o Secretary of State                               (212) 227-1212

J.B. HUNT TRANSPORT, INC.
c/o Corporation Service Company
80 State Street
Albany, NY 12207-2543

JOHN DOE NO. 1
(Name and address Unknown)

**Notice: The nature of this action is as follows:** personal injury

**The relief sought is as follows:** monetary damages

**UPON YOUR FAILURE TO APPEAR:**
Judgment will be taken against you by default for a sum in excess of the jurisdictional limits of all
lower Courts, with interest from **March 27, 2021** and the costs of this action.

DATED:      NEW YORK, NEW YORK
            SEPTEMBER 29, 2021

Case 1:22-cv-01313-BAF Document 1-1 Filed 02/16/22 Page 3 of 24
INDEX NO. 159087/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 10/07/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X  Index No.

JEFFREY ACEVEDO-GOMEZ,

                                Plaintiff,             **VERIFIED COMPLAINT**

            -against-

J.B. HUNT TRANSPORT, INC. and "JOHN DOE NO. 1",
(a name being fictitious-person more accurately described
in the Complaint herein),

                              Defendants,

-----------------------------------------------------------------------X

        The plaintiff, JEFFREY ACEVEDO-GOMEZ, complaining of the defendants, J.B. HUNT TRANSPORT, INC.. and JOHN DOE NO. 1, by his attorneys, Pazer, Epstein, Jaffe & Fein, P.C., alleges upon information and belief, as follows:

        FIRST:     That at all times hereinafter mentioned, the Plaintiff, JEFFREY ACEVEDO-GOMEZ, was and is a resident of the County and State of New York.

        SECOND:    That at all times hereinafter mentioned, the defendant, J.B. HUNT TRANSPORT, INC., was a foreign business corporation authorized to do business under and by virtue of the laws, statutes and ordinances of the State of New York.

        THIRD:     That at all times hereinafter mentioned, the defendant, JOHN DOE NO. 1, was employed by Defendant, J.B. HUNT TRANSPORT, INC..

        FOURTH:    That on or about the 27th day of March, 2021, the defendant, J.B. HUNT TRANSPORT, INC., did own one or more tractors for purposes of pulling trailers for commercial purposes.

FIFTH:     That on or about the 27th day of March, 2021, the defendant, J.B. HUNT TRANSPORT, INC., did operate one or more tractors for purposes of pulling trailers for commercial purposes.

SIXTH:     That on or about the 27th day of March, 2021, the defendant, J.B. HUNT TRANSPORT, INC., did have a tractor connected to a Trailer No. 442497 which was leased from a Ryder Rental company.

SEVENTH:   That on or about the 27th day of March, 2021, the defendant, J.B. HUNT TRANSPORT, INC.. did have in its employ a driver whose identity is presently unknown to Plaintiff.

EIGHTH:     That at all times hereinafter mentioned, that the defendant, JOHN DOE NO. 1 was the driver of the aforementioned tractor owned by defendant J.B. HUNT TRANSPORT, INC.

NINTH:     That on or about the 27th day of March, 2021, the aforementioned tractor owned by defendant, J.B. HUNT TRANSPORT, INC., was being operated at or near the intersection of West 50th Street and Eighth Avenue in the Borough of Manhattan, City and State of New York.

TENTH:     That on the 27th day of March, 2021, the defendant, JOHN DOE NO. 1, while in the course of his employment with defendant, J.B. HUNT TRANSPORT, INC., did utilize a pallet jack for purposes of the work he was performing in the course of his employment with Defendant, J.B. HUNT TRANSPORT, INC.

ELEVENTH: That on the 27th day of March, 2021, the defendant, JOHN DOE NO. 1, did enter the intersection of West 50th Street and Eighth Avenue as a pedestrian with the aforementioned pallet jack.

NYSCEF DOC. NO. 1

TWELFTH:   That on and about the 27th day of March, 2021, the plaintiff, JEFFREY ACEVEDO-GOMEZ, was the owner and operator of a motor scooter.

THIRTEENTH:    That on the 27th day of March, 2021, the plaintiff, JEFFREY ACEVEDO-GOMEZ, did operate the aforementioned motor scooter at the intersection of West 50th Street and Eighth Avenue in the Borough of Manhattan, City and State of New York.

FOURTEENTH:    That on the 27th day of March, 2021, the plaintiff and the aforementioned motor scooter were in contact with the defendant, JOHN DOE NO. 1, and the aforementioned pallet jack being operated by JOHN DOE NO. 1.

FIFTHTEENTH:    That as a result of the aforementioned contact between the plaintiff and the defendant, the plaintiff was caused to suffer severe and serious injuries as defined by Section 5102(d) of the Insurance Law of the State of New York.

SIXTEENTH:    That the defendants were negligent, reckless and careless in their ownership, operation, maintenance and control of the equipment used in the course of their employment; in failing to yield the right of way; in crossing an intersection against traffic signals; in entering an intersection unlawfully; in causing contact between the defendants' equipment and the plaintiff and the plaintiff's motor scooter; in causing the aforementioned accident; in failing to yield the right of way; and the defendants were in other ways negligent, reckless and careless.

SEVENTEENTH:    That as a result of the aforementioned, this plaintiff was caused to suffer severe and serious personal injury, suffering injuries to his mind and body, some of which, upon information and belief, are believed to be permanent with permanent effects thereof, and further, this plaintiff was caused to be rendered sick, sore,

Case 1:22-cv-01313-RAF Document 1-1 Filed 02/16/22 Page 6 of 24

lame and disabled and subject to great physical pain and mental anguish for which this plaintiff was required to seek medical care and attention in an effort to alleviate and/or cure some of the ills, injuries and disabilities suffered; further, this plaintiff was prevented from following his usual vocation for a considerable period of time and was further caused to be prevented from enjoying the normal fruits of his activities, both social and economic, all resulting in substantial monetary expense and loss, and upon information and belief, this plaintiff may continue indefinitely into the future to suffer similar losses, expenses and disabilities, all to his damage in a sum in excess of the jurisdictional limits of all lower Courts of the State of New York.

EIGHTEENTH:     That this action falls within one of the exceptions to Section 1602 of the Civil Practice Law and Rules of the State of New York.

**WHEREFORE**, the plaintiff, JEFFREY ACEVEDO-GOMEZ, demands judgment against the defendants, J.B. HUNT TRANSPORT, INC. and JOHN DOE NO. 1, in an amount in excess of the jurisdictional limits of all other Courts which would otherwise have jurisdiction over this matter, together with costs and disbursements to abide the event.

Dated: New York, New York
       September 29, 2021

Yours, etc.,

PAZER, EPSTEIN, JAFFE & FEIN, P.C.

BY: MICHAEL JAFFE
Attorneys for Plaintiff
20 Vesey Street, 7th Floor
New York, New York 10007
(212) 227-1212

## VERIFICATION

STATE OF NEW YORK )

                               ) SS:

COUNTY OF NEW YORK )

       JEFFREY ACEVEDO-GOMEZ, being duly sworn, deposes and say:

       That I am the plaintiff in the within action. I have read the foregoing

**SUMMONS AND VERIFIED COMPLAINT**, know the contents thereof; and that the same

is true to the best of my knowledge, except as to the matters therein stated to be alleged

on information and belief, and that as to those matters he believes it to be true.

                                              JEFFREY ACEVEDO-GOMEZ

Affirmed this 30 th day

of _September_ . 2021

**MATTHEW J. FEIN**
Notary Public, State of New York
No. 02FE6004332
Qualified in Nassau County
Commission Expires 5 / 17 / 2022

Sworn to on this
30 th day of
September 2021

Notary Public

FILED: NEW YORK COUNTY CLERK 10/01/2021 03:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 159087/2021
RECEIVED NYSCEF: 10/07/2021

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**JEFFREY ACEVEDO-GOMEZ,**

Plaintiff(s),

-against-

**J.B. HUNT TRANSPORT, INC., and "JOHN DOE NO. 1.", (a name being fictitious-person more accurately described in the Complaint herein),**

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**PAZER, EPSTEIN, JAFFE & FEIN, P.C.**
**Attorneys for Plaintiff(s)**
**20 Vesey Street, Suite 700**
**New York, New York 10007**
**(212) 227-1212**

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. Sec. 130-1.1a

**MICHAEL JAFFE, ESQ.** hereby certifies that, pursuant to 22 N.Y.C.R.R. Sec. 130-1.1a, all of the attached documents indicated above are not frivolous nor frivolously presented.

Dated:  New York, New York
        September 29,  2021

                                        MICHAEL JAFFE

**PLEASE TAKE NOTICE**

[  ] Notice of Entry            That the within is a true copy of an order entered in the office
                                of the clerk of the within named court on

[  ] Notice of Settlement       That an Order of which the within is a true copy will be presented
                                for settlement to the Hon.         , one of the judges of the within
                                named Court on             at

Dated:  New York, New York
        September 29, 2021

                                        PAZER, EPSTEIN, JAFFE & FEIN, P.C.
                                        Attorneys for Plaintiff(s)
                                        20 Vesey Street, 7th Floor
                                        New York, New York 10007
                                        (212) 227-1212

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: 159087/2021

-----------------------------------------------------------------------X

JEFFREY ACEVEDO-GOMEZ,

Plaintiff designates
NEW YORK County as the place of trial

Basis of the venue is Plaintiff's
place of Residence

Plaintiff,

-against-

J.B. HUNT TRANSPORT, INC., and KOFI ADUSEI,

**SUPPLEMENTAL SUMMONS**

Plaintiff resides at
9 West 31st Street
New York, NY 10001
County of New York

Defendants,

-----------------------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

**Defendant's address**
J.B. HUNT TRANSPORT, INC.
615 J.B. Hunt Corporate Drive
Lowell, AR 72745-0130
c/o Secretary of State

J.B. HUNT TRANSPORT, INC.
c/o Corporation Service Company
80 State Street
Albany, NY 12207-2543

KOFI ADUSEI
Kent County, Delaware
(address unknown)

**PAZER, EPSTEIN, JAFFE & FEIN, P.C.**
Attorneys for Plaintiff
20 Vesey Street, 7th Floor
New York, New York 10007
(212) 227-1212

**Notice: The nature of this action is as follows:** personal injury

**The relief sought is as follows:** monetary damages

**UPON YOUR FAILURE TO APPEAR:**
Judgment will be taken against you by default for a sum in excess of the jurisdictional limits of all lower Courts, with interest from **March 27, 2021** and the costs of this action.

DATED:      NEW YORK, NEW YORK
              FEBRUARY 7, 2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X     Index No.: 159087/2021

JEFFREY ACEVEDO-GOMEZ,

Plaintiff,

            -against-                                 **VERIFIED AMENDED**
                                                **COMPLAINT**

J.B. HUNT TRANSPORT, INC. and KOFI ADUSEI,

Defendants,

-----------------------------------------------------------------------X

       The plaintiff, JEFFREY ACEVEDO-GOMEZ, complaining of the defendants, J.B. HUNT TRANSPORT, INC. and KOFI ADUSEI, by his attorneys, Pazer, Epstein, Jaffe & Fein, P.C., alleges upon information and belief, as follows:

       FIRST:      That at all times hereinafter mentioned, the plaintiff, JEFFREY ACEVEDO-GOMEZ, was and is a resident of the County and State of New York.

       SECOND:    That at all times hereinafter mentioned, the defendant, J.B. HUNT TRANSPORT, INC., was a foreign business corporation authorized to do business under and by virtue of the laws, statutes and ordinances of the State of New York.

       THIRD:      That at all times hereinafter mentioned, the defendant, KOFI ADUSEI, was a resident of Conty of Kent, State of Delaware.

       FOURTH:    That at all times hereinafter mentioned, the defendant, KOFI ADUSEI, was employed by Defendant, J.B. HUNT TRANSPORT, INC.

       FIFTH:      That on or about the 27th day of March, 2021, the defendant, J.B. HUNT TRANSPORT, INC., did own one or more tractors for purposes of pulling trailers for commercial purposes.

SIXTH:       That on or about the 27th day of March, 2021, the defendant, J.B. HUNT TRANSPORT, INC., did operate one or more tractors for purposes of pulling trailers for commercial purposes.

SEVENTH:       That on or about the 27th day of March, 2021, the defendant, J.B. HUNT TRANSPORT, INC., did have a tractor connected to a Trailer No. 442497 which was leased from a Ryder Rental company.

EIGHTH:       That on or about the 27th day of March, 2021, the defendant, KOFI ADUSEI, was employed by defendant, J.B. HUNT TRANSPORT, INC.

NINTH:       That at all times hereinafter mentioned, that the defendant, KOFI ADUSEI, was the driver of the aforementioned tractor owned by defendant J.B. HUNT TRANSPORT, INC.

TENTH:       That on or about the 27th day of March, 2021, the aforementioned tractor owned by defendant, J.B. HUNT TRANSPORT, INC., was being operated at or near the intersection of West 50th Street and Eighth Avenue in the Borough of Manhattan, City and State of New York.

ELEVENTH:  That on the 27th day of March, 2021, the defendant, KOFI ADUSEI, while in the course of his employment with defendant, J.B. HUNT TRANSPORT, INC., did utilize a pallet jack for purposes of the work he was performing in the course of his employment with Defendant, J.B. HUNT TRANSPORT, INC.

TWELFTH:   That on the 27th day of March, 2021, the defendant, KOFI ADUSEI, did enter the intersection of West 50th Street and Eighth Avenue as a pedestrian with the aforementioned pallet jack.

THIRTEENTH:       That on and about the 27th day of March, 2021, the plaintiff, JEFFREY ACEVEDO-GOMEZ, was the owner and operator of a motor scooter.

FOURTEENTH: That on the 27th day of March, 2021, the plaintiff, JEFFREY ACEVEDO-GOMEZ, did operate the aforementioned motor scooter at the intersection of West 50th Street and Eighth Avenue in the Borough of Manhattan, City and State of New York.

FIFTEENTH: That on the 27th day of March, 2021, the plaintiff and the aforementioned motor scooter were in contact with the defendant, KOFI ADUSEI, and the aforementioned pallet jack being operated by defendant, KOFI ADUSEI.

SIXTEENTH: That as a result of the aforementioned contact between the plaintiff and the defendant, the plaintiff was caused to suffer severe and serious injuries as defined by Section 5102(d) of the Insurance Law of the State of New York.

SEVENTEENTH: That the defendants were negligent, reckless and careless in their ownership, operation, maintenance and control of the equipment used in the course of their employment; in failing to yield the right of way; in crossing an intersection against traffic signals; in entering an intersection unlawfully; in causing contact between the defendants' equipment and the plaintiff and the plaintiff's motor scooter; in causing the aforementioned accident; in failing to yield the right of way; and the defendants were in other ways negligent, reckless and careless.

EIGHTEENTH: That as a result of the aforementioned, this plaintiff was caused to suffer severe and serious personal injury, suffering injuries to his mind and body, some of which, upon information and belief, are believed to be permanent with permanent effects thereof, and further, this plaintiff was caused to be rendered sick, sore, lame and disabled and subject to great physical pain and mental anguish for which this plaintiff was required to seek medical care and attention in an effort to alleviate and/or cure some of the ills, injuries and disabilities suffered; further, this plaintiff was prevented from following his usual vocation for a considerable period of time and was further caused to be prevented from enjoying the normal fruits of his activities, both

INDEX NO. 159087/2021
RECEIVED NYSCEF: 02/08/2022

Case 1:22-cv-01313-PAE    Document 1-1    Filed 02/16/22    Page 13 of 24

social and economic, all resulting in substantial monetary expense and loss, and upon information and belief, this plaintiff may continue indefinitely into the future to suffer similar losses, expenses and disabilities, all to his damage in a sum in excess of the jurisdictional limits of all lower Courts of the State of New York.

NINETEENTH:      That this action falls within one of the exceptions to Section 1602 of the Civil Practice Law and Rules of the State of New York.

**WHEREFORE**, the plaintiff, JEFFREY ACEVEDO-GOMEZ, demands judgment against the defendants, J.B. HUNT TRANSPORT, INC. and KOFI ADUSEI, in an amount in excess of the jurisdictional limits of all other Courts which would otherwise have jurisdiction over this matter, together with costs and disbursements to abide the event.

Dated:   New York, New York
         February 7, 2022

                                        Yours, etc.,

                                        PAZER, EPSTEIN, JAFFE & FEIN, P.C.


                                        BY: MICHAEL JAFFE
                                        Attorneys for Plaintiff
                                        20 Vesey Street, 7th Floor
                                        New York, New York 10007
                                        (212) 227-1212

Case 1:22-cv-01313-PAE   Document 1-1   Filed 02/16/22   Page 14 of 24

## VERIFICATION

STATE OF NEW YORK    )
                                         ) SS:
COUNTY OF NEW YORK  )

JEFFREY ACEVEDO-GOMEZ, being duly sworn, deposes and say:

That I am the plaintiff in the within action. I have read the foregoing **SUPPLEMENTAL SUMMONS AND AMENDED VERIFIED COMPLAINT**, know the contents thereof; and that the same is true to the best of my knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true.

JEFFREY ACEVEDO-GOMEZ

Sworn to me on this
7th day of February , 2022

Notary Public

NOEMI RIVERA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RI6385108
Qualified in New York County
My Commission Expires December 24, 2022

Index No.: 159087/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**JEFFREY ACEVEDO-GOMEZ,**

**Plaintiff,**

-against-

**J.B. HUNT TRANSPORT, INC., and KOFI ADUSEI,**

**Defendants.**

# SUPPLEMENTAL SUMMONS AND AMENDED VERIFIED COMPLAINT

**PAZER, EPSTEIN, JAFFE & FEIN, P.C.**
**Attorneys for Plaintiff(s)**
**20 Vesey Street, Suite 700**
**New York, New York 10007**
**(212) 227-1212**

## CERTIFICATION PURSUANT TO 22 N.Y.C.R.R.  Sec. 130-1.1a

**MICHAEL JAFFE, ESQ.** hereby certifies that, pursuant to 22 N.Y.C.R.R. Sec. 130-1.1a, all of the attached documents indicated above are not frivolous nor frivolously presented.

Dated:  New York, New York
February 7, 2022

MICHAEL JAFFE

**PLEASE TAKE NOTICE**

[  ]  Notice of Entry        That the within is a true copy of an order entered in the office
                             of the clerk of the within named court on

[  ]  Notice of Settlement   That an Order of which the within is a true copy will be presented
                             for settlement to the Hon.         , one of the judges of the within
                             named Court on           at

Dated:  New York, New York
February 7, 2022

PAZER, EPSTEIN, JAFFE & FEIN, P.C.
Attorneys for Plaintiff(s)
20 Vesey Street, 7th Floor
New York, New York 10007
(212) 227-1212

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------x

JEFFREY ACEVEDO-GOMEZ,                                     Index No.: 159087/2021

                       Plaintiff,                **VERIFIED ANSWER TO**
                                            **VERIFIED COMPLAINT**

     - against -

J.B. HUNT TRANSPORT, INC. and "JOHN DOE NO. 1",
(a name being fictitious-person more accurately described
in the Complaint herein),

                       Defendants.
--------------------------------------------------------------------x

      Defendant J.B. HUNT TRANSPORT, INC., by and through its attorneys, GALLO
VITUCCI KLAR LLP answering the Verified Complaint of Plaintiff, respectfully states and
alleges, upon information and belief as follows:

      1.     Denies any knowledge or information sufficient to form a belief as to the allegations
contained in paragraphs "FIRST", "SECOND", "THIRD", "FOURTH", "FIFTH", "SIXTH,
"SEVENTH", "EIGHTH", "NINTH", "TENTH", "ELEVENTH", "TWELFTH" and
"THIRTEENTH" of the Verified Complaint.

      2.     Denies each and every allegation contained in paragraphs "FOURTEENTH",
"SIXTEENTH" and "SEVENTEENTH" of the Verified Complaint.

      3.     Denies each and every allegation contained in paragraphs "FIFTEENTH" and
"EIGHTEENTH" of the Verified Complaint, and respectfully refer all questions of law to the
Honorable Court at the time of trial of this matter.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

      4.     That any injuries and/or damages sustained by the Plaintiff, as alleged in the
Verified Complaint therein, were caused in whole or in part by the contributory negligence,
negligence *per se* and/or culpable conduct of said Plaintiff and not as a result of any contributory

negligence and/or culpable conduct on the part of the answering Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5.       The Defendant not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury to fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.       Pursuant to CPLR 4545, if it be determined or established that Plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security ACT), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the Plaintiff), then and in that event, the answering Defendant hereby pleads in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the Plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the Plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.     Pursuant to CPLR Article 16, the liability of Defendant, if any, to the Plaintiff for non-economic loss is limited to his equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.     A.     The accident described in the Plaintiff's Verified Complaint did not result in a "serious injury" to the Plaintiff so defined in and by Section 5102 (d) of the Insurance Law of the State of New York. By reason of the premises in Section 5104 of the Insurance Law of the State of New York, Plaintiff has no right to institute, maintain or prosecute this action and is barred from doing so.

B.     The Plaintiff did not sustain a serious injury as defined by Section 5102 (d) of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.     That by entering into the activity in which the Plaintiff were engaged at the time of the occurrence set forth in the Verified Complaint, said Plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the Plaintiff herein as alleged in the Verified Complaint arose from and were caused by reason of such risks voluntarily undertaken by the Plaintiff in his activities and such risks were assumed and accepted by her in performing and engaging in said activities.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10.     This action may not be maintained because of Plaintiff's failure to join all necessary parties in this action, and in the absence of person(s) who should be a party this action cannot proceed.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11.     The Verified Complaint fails to state a cause of action, cognizable in equity or law against this answering Defendant and must therefore be dismissed.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12.     The Plaintiff's Verified Complaint should be dismissed since the claims against Defendant is frivolous; and costs and attorneys' fees should be awarded to Defendant pursuant to CPLR §8303-a.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

13.     Plaintiff is bound by the provisions of the Workers' Compensation Law of the State of New York and, by virtue of the statutes therein, contained is restricted and limited to recovery under the provisions of said Law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

14.     The Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Verified Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

15.     The Plaintiff failed to use safety devices available to the Plaintiff at the time of the events alleged in the Plaintiff's Verified Complaint and the Plaintiff's failure to use such devices was negligent and was a cause in whole or in part of the injuries sustained by the Plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

16.     The lawsuit was not commenced by the Plaintiff within the time prescribed by law and, therefore, Plaintiff's action is barred by the applicable statute of limitations.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

17.     The answering Defendant bear no responsibility for the incident complained of, which was caused entirely by the unforeseeable, superseding intervening acts of third parties over which the answering Defendant exercised no control.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

18.     There exists complete diversity of citizenship.

**WHEREFORE**, Defendant J.B. HUNT TRANSPORT, INC. demands judgment dismissing the Verified Complaint, together with attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
        January 31, 2022

Yours etc.,

GALLO VITUCCI KLAR LLP

_____
By:     Heather C. Ragone, Esq.
*Attorneys for Defendant*
*J.B. Hunt Transport, Inc.,*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
Email: hragone@gvlaw.com

TO:

        PAZER EPSTEIN JAFFEE & FEIN, P.C.
        *Attorney for Plaintiff*
        *Jeffrey Acevedo-Gomez*
        20 Vesey Street, 7th Floor
        New York, New York 10007
        (212) 227-1212

**ATTORNEY VERIFICATION**

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NEW YORK  )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That she is a member with the firm of GALLO VITUCCI KLAR LLP attorneys for Defendant J.B. HUNT TRANSPORT, INC.

That her has read the foregoing instrument and knows the contents thereof, and, that the same is true to the knowledge of your deponent, except as to those matters therein alleged on information and belief, and that as to those matters she believes them to be true.

That the reason why this Verification is made by your deponent and not by the Defendant is that said party resides outside the county in which your deponent maintains her office.

That the source of your deponent's information and the grounds of her belief as to all matters therein alleged upon information and belief is reports from and communications had with said party.

Dated: New York, New York
       January 31, 2022

_____
HEATHER C. RAGONE

## AFFIDAVIT OF SERVICE VIA NYSCEF

Yvette Pagan, being duly sworn, deposes and says that she is not a party to the within action, is over the age of 18 years and resides in the County of New York, and that on the on the 31st day of January, 2022 served the within **VERIFIED ANSWER TO VERIFIED COMPLAINT** upon all parties as appearing on the Supreme Court, State of New York Electronic Filing Website, at the e-mail addresses designated by said parties in this matter for that purpose.

PAZER EPSTEIN JAFFEE & FEIN, P.C.
*Attorney for Plaintiff*
*Jeffrey Acevedo-Gomez*
20 Vesey Street, 7th Floor
New York, New York 10007
(212) 227-1212

Yvette Pagan

Sworn to before me this
31st day of January, 2022

Notary Public

**Mary Thompson**
**Notary Public – State of New York**
**No. 01TH6044466**
**Qualified in Richmond County**
**Commission Expires on July 3, 2022**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                    Index No.: 159087/2021

_____

JEFFREY ACEVEDO-GOMEZ,

        Plaintiff,

   - against -

J.B. HUNT TRANSPORT, INC. and "JOHN DOE NO. 1",
(a name being fictitious-person more accurately described
in the Complaint herein),

        Defendants.

_____

### VERIFIED ANSWER TO VERIFIED COMPLAINT

_____

GALLO VITUCCI KLAR LLP
*Attorneys for Defendants*
*J.B. Hunt Transport, Inc.,*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
Email: hragone@gvlaw.com



# NYSCEF Confirmation Notice

## New York County Supreme Court



The NYSCEF website has received an electronic filing on 01/31/2022 05:01 PM. Please keep this notice as a confirmation of this filing.

**159087/2021**

**JEFFREY ACEVEDO-GOMEZ v. J.B. HUNT TRANSPORT, INC. et al**

**Assigned Judge: None Recorded**

## Documents Received on   01/31/2022 05:01 PM

| Doc # | Document Type |
|-------|---------------|
| 3     | ANSWER        |

## Filing User

Heather Cara Ragone | hragone@gvlaw.com
90 Broad St Fl 12, New York, NY 10004

## E-mail Notifications

An email regarding this filing has been sent to the following on 01/31/2022 05:01 PM:

**MICHAEL E. JAFFE - mjaffe@pazerandepstein.com**

**HEATHER C. RAGONE - hragone@gvlaw.com**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|------|-------|----------|
| Respondent | JOHN DOE NO. 1 | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**

Phone: 646-386-5956     Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**

Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile